McGREGOR W. SCOTT
United States Attorney
E. ROBERT WRIGHT
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2702

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>           Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>THE WILSHIRE PAINT COMPANY,  )<br>  )<br>           Defendant.  )<br>_____ ) | CR. No. 1: 06 CR 00219 AWI<br><br>PLEA AGREEMENT<br><br><br><br>DATE:<br>TIME:<br>COURT: |

I.

INTRODUCTION

A. **Scope of Agreement:** The Information in this case charges the defendant with one count of knowingly operating a source in violation of a pretreatment standard, in violation of Title 33, United States Code, §§ 1317(d), and 1319(c)(2)(A) and one count of knowing transportation of hazardous waste without a manifest in violation of Title 42, United States Code, Section 6928(d)(5). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea

Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Rule 11(c)(1)(C) Specific Sentence Agreement:** The government and the defendant agree that a specific sentence, set forth below in Section VI (C), would be appropriate in this case. Consequently, this Plea Agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the provisions of Rule 11(c)(3), the Court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report. If the Court accepts the Plea Agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this Plea Agreement. If the Court rejects this Plea Agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw its plea, and advise that if it persists in a guilty plea the disposition of the case may be less favorable to it than is contemplated by this Plea Agreement. The Company's plea is conditioned on the Court accepting the plea agreement entered into by and between the United States and Darrell Edwards and imposing the specified sentence agreed to therein.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to Count 1, knowingly operating a source in violation of a pretreatment standard in violation of 33 U.S.C. §§ 1317(d), and 1319(c)(2)(A), and Count

2, knowing transportation of hazardous waste without a manifest in violation of 42 U.S.C. § 6928(d)(5). The defendant agrees that it is in fact guilty of these charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

    **B. Waiver of Indictment:** The defendant agrees that, at the entry of plea proceeding, defendant will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

    **C. Fine:** The defendant agrees to pay $33,478 as a criminal fine. The fine shall be paid at time of sentencing. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the stipulated fine as required by this Agreement.

    **D. Special Assessment:** The defendant agrees to pay a special assessment of $800 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the assessment as required by this agreement.

    **E. Costs of Investigation:** The defendant agrees to pay costs of investigation in the total amount of $169,069.11 by certified cashier's check, or its equivalent, made payable to the "California Department of Toxic Substances Control, ATTN: Accounting," P.O. Box 806, Sacramento, California 95812-0806. Said amount shall be paid at the time of sentencing. The defendant understands that this Plea

///

Agreement is voidable by the government if it fails to pay the amount as required by this Agreement.

F. **Fees:** The defendant agrees to pay the amount of $63,522 as payment of fees that defendant has failed to pay by certified cashier's check, or its equivalent, made payable to the "California Department of Toxic Substances, ATTN, Accounting," P.O. Box 806, Sacramento, California, 95812-0806. Said amount shall be paid at time of sentencing. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the amount as required by this Agreement. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the amount as required by this Agreement.

G. **Program Funds:** At the time of sentencing, the defendant shall also pay funding for programs to be conducted in California on issues relating to paint storage, treatment, and handling, in the total amount of $15,000, by certified cashier's check, or its equivalent, made payable to "CHIMIA," P.O. Box 8123, San Luis Obispo, California 93403-8123. (CHIMIA is the California Hazardous Materials Investigators Association). The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the amount as required by this Agreement.

III.

THE GOVERNMENT'S OBLIGATIONS

Incarceration Range: The government will recommend that the defendant be sentenced pursuant to the terms of the plea agreement.

IV.

ELEMENTS OF THE OFFENSE

A. **Elements of the Offense:** At a trial, the government would

4

have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

1. Knowing operation of a source in violation of 33 U.S.C. §§ 1317(d), and 1319(c)(2)(A):

   a. the defendant knowingly operated a source;
   b. in violation of a pretreatment standard.

2. Knowing transportation of hazardous waist without a manifest in violation of 42 U.S.C. § 6928(d)(5):

   a. the defendant knowingly transported;
   b. hazardous waste required to be accompanied by a manifest;
   c. without a manifest.

V.

MAXIMUM SENTENCE

**Maximum Penalty:** The maximum sentence which the Court can impose for a violation of each of Count 1 and Count 2 is probation for a term of five years, a fine of $500,000, and restitution.

VI.

SENTENCING DETERMINATION

A. **Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, ___ U.S. ___, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant

1 further understands that the Court will consider whether there is a
2 basis for departure from the guideline sentencing range (either
3 above or below the guideline sentencing range) because there exists
4 an aggravating or mitigating circumstance of a kind, or to a degree,
5 not adequately taken into consideration by the Sentencing Commission
6 in formulating the Guidelines. Defendant further understands that
7 the Court, after consultation and consideration of the Sentencing
8 Guidelines, must impose a sentence that is reasonable in light of
9 the factors set forth in 18 U.S.C. § 3553(a).

10      B.  **Stipulations Affecting Guidelines Calculation:** The
11 government and the defendant agree that there is no material dispute
12 as to the following sentencing guidelines variables and therefore
13 stipulate to the following:

14      **Knowing Mishandling of a pollutant.**
15      1.  **Base Offense Level:** Pursuant to USSG 2Q1.3, the base
16 offense level is 6.
17      2.  **Specific Offense Characteristic Adjustments:** The
18 discharge involved a discharge without a permit. Therefore,
19 pursuant to USSG 2Q1.3(b)(4), the offense level is increased by 4;

20      **Knowing Transportation of Hazardous Waste Without a**
21 **Manifest.**
22      1.  **Base Offense Level:** Pursuant to U.S.S.G. 2Q1.2, the
23 base offense level is 8.
24      2.  **Specific Offense Characteristics Adjustments:** The
25 transportation involved transportation without a permit, therefore,
26 pursuant to U.S.S.G. 2Q1.2(b)(4), the offense level is increased by
27 4.
28 ///

3. **Combined Offense Level:** Pursuant to U.S.S.G. 3D, there are one and one-half units to add one offense level to the highest offense level of 12, resulting in an offense level of 13.

4. **Acceptance of Responsibility:** Pursuant to U.S.S.G. 3E1.1, deduct two levels for acceptance of responsibility.

5. **Adjusted Offense Level:** 11

6. **Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter 3 adjustments, or cross-references. Both parties stipulate and agree not to move for, or argue in support of, any departure from the sentencing guidelines.

7. **Sentencing Range:** No fine ranges are specified by the Guidelines for environmental crimes.

C. **Specific Sentence Agreement:**

1. The parties agree that defendant shall receive a sentence of 3 years probation.

2. The court shall impose a criminal fine of $33,478 on defendant, which shall be paid at time of sentencing. Said amount shall be paid by certified cashier's check, or its equivalent, and be made payable to the "CLERK, U.S.D.C."

3. At the time of sentencing, the defendant shall pay a special assessment of $800. Said amount shall be paid by a certified cashier's check, or its equivalent, made payable to the "CLERK, U.S.D.C."

4. At the time of sentencing, the defendant shall also pay costs of investigation in the total amount of $169,069.11 by certified cashier's check, or its equivalent, made payable to the

1  "California Department of Toxic Substances Control, ATTN:
2  Accounting," P.O. Box 806, Sacramento, California 95812-0806.
3       5.  The defendant agrees to pay the amount of $63,522 as
4  payment of fees that defendant has failed to pay by certified
5  cashier's check, or its equivalent, made payable to the "California
6  Department of Toxic Substances, ATTN, Accounting," P.O. Box 806,
7  Sacramento, California, 95812-0806.
8       6.  At the time of sentencing, the defendant shall also
9  pay funding for programs to be conducted in California on issues
10 relating to paint storage, treatment, and handling, in the total
11 amount of $15,000, by certified cashier's check, or its equivalent,
12 made payable to "CHIMIA," P.O. Box 8123, San Luis Obispo, California
13 93403-8123.  (CHIMIA is the California Hazardous Materials
14 Investigators Association).

## VII.

## WAIVERS

17   A.  **Waiver of Constitutional Rights:**  The defendant understands
18 that by pleading guilty it is waiving the following constitutional
19 rights:  (a) to plead not guilty and to persist in that plea if
20 already made; (b) to be tried by a jury; (c) to be assisted at trial
21 by an attorney, who would be appointed if necessary; (d) to subpoena
22 witnesses to testify on its behalf; (e) to confront and cross-
23 examine witnesses against it; and (f) not to be compelled to
24 incriminate itself.

## VIII.

### ENTIRE PLEA AGREEMENT

27   Other than this Plea Agreement, no agreement, understanding,
28 promise, or condition between the government and the defendant

exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

## APPROVALS AND SIGNATURES

A. **Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: June 8, 2006

_____
WILLIAM C. HAHESY
Attorney for Defendant

B. **Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 6/8/06

_____ PRESIDENT
THE WILSHIRE PAINT COMPANY
Defendant

///

///

    **C. Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

DATED: *June 19, 2006*

                                     McGREGOR W. SCOTT
                                     United States Attorney

By: _____
    E. ROBERT WRIGHT
    Assistant U.S. Attorney

## EXHIBIT "A"

### Factual Basis for Plea

Darrell Edwards was at all times mentioned the owner and Chief Executive Officer of The Wilshire Paint Company, a company engaged in manufacturing paint at its facility in the city of Fresno. On October 8, 2002, employees of the company acting on behalf of the company knowingly and unlawfully operated a source, namely the paint manufacturing facility, in violation of a pretreatment standard by discharging an ignitable pollutant, to wit, paint and paint waste and residue, from its facility into the City of Fresno's municipal sewer and storm water system.

On October 17, 2002, employees of the company acting on behalf of the company knowingly and unlawfully transported and otherwise handled including storage, treatment, and disposal, hazardous waste, to wit, ignitable oil-based paint, without a manifest.